1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

SAN JOSE DIVISION

10

UNITED STATES OF AMERICA,                    CASE NO. 5:01-cr-20151 EJD

11

**ORDER TO SHOW CAUSE**

Plaintiff(s),

12

v.

13

PEDRO CHAVEZ JAVALERA,                    [Docket Item No. 62]

14

Defendant(s).

15

_____/

16        Presently before the court is Defendant Pedro Chavez Javalera's ("Defendant") Motion

17   pursuant to 28 U.S.C. § 2255 challenging the conviction and sentence imposed by this court within

18   the criminal matter captioned above. See Docket Item No. 62.  Having reviewed Defendant's

19   Motion in conjunction with the court's docket, the court will issue an order to show cause for the

20   reasons explained below.

21                            **I.    BACKGROUND**

22        On January 29, 2002, Defendant plead guilty pursuant to a written plea agreement to one

23   count of Conspiracy to Distribute 500 grams or More of Actual Methamphetamine in violation of 21

24   U.S.C. § 846.  See Docket Item Nos. 29, 30.  Defendant was thereafter sentenced to a prison term of

25   262 months and a five-year term of supervised release.  See Docket Item No. 35.  Judgment was

26   entered accordingly on March 29, 2002.  See Docket Item No. 36.

27        Defendant did not appeal the sentence.  He filed the instant Motion on April 21, 2014.

28

**United States District Court**
For the Northern District of California

1

**United States District Court**
For the Northern District of California

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence by demonstrating (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2)  that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack.  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).

Section 2255(f) imposes a one-year statute of limitation for all motions brought under the statute.  That section also provides:

> The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of § 2255(f)(1), a judgment becomes "final" when the period within which to file an appeal expires.  See United States v. Schwartz, 274 F.3d 1220, 1223, n.1 (9th Cir. 2001).  As noted above, judgment was entered in this action on March 29, 2002.  Pursuant to Federal Rule of Appellate Procedure 4(b), Defendant had fourteen days from that date within which to file an appeal. He did not do so.  Accordingly, the judgment became final on April 12, 2002, and a timely motion under § 2255 should have been filed no later than April 12, 2003.  Defendant did not file this motion until April 21, 2014 - over eleven years later.  It is therefore untimely on its face since it does not appear the other subsections § 2255(f) apply under the circumstances presented.

2

CASE NO. 5:01-cr-20151 EJD
ORDER TO SHOW CAUSE

In light of the discussion above, the court intends to summarily deny Defendant's Motion pursuant to § 2255(b).  The court therefore issues the following show cause order as the issue of timeliness has been raised sua sponte.  <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001).

### III.   ORDER

The court hereby issues an order to show cause why this Motion should not be summarily denied as untimely under subsections (b) and (f) of 28 U.S.C. § 2255.

If Defendant does not, by **June 13, 2014**, demonstrate good cause in writing why the Motion should not be summarily denied, the court will issue a final order denying the Motion.  No hearing will be held on the order to show cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated:  May 13, 2014

_____
EDWARD J. DAVILA
United States District Judge

CASE NO. 5:01-cr-20151 EJD
ORDER TO SHOW CAUSE